No. 17,553.

ELOY PADIA *v*. GLADYS OLIVER HOBBS.
(286 P. [2d] 613)

Decided July 25, 1955.

Mr. ALWIN E. RIEDE, for plaintiff in error.

Mr. GEORGE M. GIBSON, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF, defendant in error here, is the owner of real property in Elbert county, Colorado, valued, according to the evidence, at $12,000.00. On March 3, 1952, the property was sold at sheriff's sale to satisfy a judgment against plaintiff in the sum of $600.00. Immediately after the sale the sheriff notified plaintiff as to what had happened; he also advised her of the time within which she could redeem the property from the sale. Through an earlier marriage of defendant's son and plaintiff's daughter, defendant was well known to plaintiff and had always been kind and friendly to her. In distress about the sheriff's sale of her property, she went to defendant who immediately agreed to help her by taking charge of the situation and advancing the redemption money and other small items of expense. In doing so he requested plaintiff to convey the property to him and he would look after the collections of rent therefrom and apply same toward the indebtedness, and when the indebtedness of $600.00 had been liquidated, he would reconvey to her. This is denied by defendant, who testified that he paid plaintiff $2,500.00 for her equity in the place; however, the trial court did not accept defendant's version of the situation and stated that the testimony of both plaintiff and defendant was in many respects unreliable.

After the indebtedness had been paid, plaintiff requested defendant to reconvey the property to her and upon his refusal, this action was instituted by plaintiff on September 12, 1953, seeking to have the court find and declare the warranty deed given by plaintiff to defendant to have been a mortgage to secure the payment of

$600.00; to find that the $600.00 had been paid; that the court order a release of the mortgage and reconveyance of the property from defendant to plaintiff; and for an accounting. An answer of general denial was filed and the matter tried to the court, which, on August 5, 1954, entered its findings of fact and conclusions of law and judgment thereon in favor of plaintiff according to the prayer of her complaint.

At the conclusion of the evidence and arguments of counsel, the trial court stated in effect that the evidence was very conflicting, and that the evidence on the part of the principals could not fully be relied upon.

Defendant obtained a writ of error to review the judgment and relies generally upon the ground that while the deed may be proven by parol evidence to be a mortgage, however, in such cases the evidence must be clear, certain and unequivocal, and be convincing beyond a reasonable doubt; that therefore due to the finding of the trial court that the evidence was conflicting and unreliable, plaintiff did not sustain the burden of proving that the deed was in effect a mortgage, and a motion made by defendant at the close of plaintiff's case to dismiss the complaint should have been granted.

The evidence in the case sustains the conclusions and finding of the trial court in numerous ways, particularly that after the date of the deed given to defendant, plaintiff continued to go upon the property and without objection on the part of defendant, exercised the rights of ownership and control, and discloses that the actions of defendant indicated that he did not consider himself to be the owner of the property and that his relationship to the property was that of mortgagee with the right to collect the rents.

Tenants on the property testified concerning conversations with defendant in which defendant implied that he was not the owner of the ranch. No revenue stamps were placed on the deed when executed and recorded; however, six months later defendant did place revenue

168

stamps on the deed and cancelled them, from which it may be implied that defendant did not consider the deed other than a mortgage at the time of its execution. Plaintiff went to the ranch regularly, attending to the trees, making needed repairs and looking after the soil conservation. She agreed to, and paid for, repairs and redecoration of the bathroom and kitchen and procured a tenant for the property in November, 1952, and paid for the seed to plant the small acreage reserved to the landlord, and paid for the cultivation and harvesting of the crop that was produced and considered by all parties as her property. She had an investment of $8,800.00 in the place, and the testimony seems to support a valuation of the property at between $14,000.00 and $15,000.00. The statement of defendant that he paid $2,500.00 to plaintiff on the street for her equity but took no receipt therefor and had no witness to the transaction is most unlikely.

As provided by our rules of civil procedure, parol evidence was introduced to show that the deed was in fact a mortgage without any objection. Defendant does not attack any part of the findings of fact entered by the trial court, and seems to rely wholly on the proposition that where there is a conflict in the testimony, the trial court should have denied relief to plaintiff. As may readily be discerned from the general statement of the facts herein, which were of extrinsic nature and would naturally rest in parol testimony; if those facts and circumstances were established to the satisfaction of the trial court, then it was its province to resolve them and not ours, and where, as here, the record amply supports the findings of the trial court, we may not justify a disturbance thereof.

While this Court has stated in other cases that the evidence to support a finding that the deed is in fact a mortgage must be established by clear, satisfactory, unequivocal and convincing evidence, we are not to disregard the findings of the trial court, which, while stating

that the evidence was conflicting and in some instances unreliable, also stated that it was necessary to look at the surrounding facts and circumstances in deciding the case. The trial court undoubtedly considered the wide variance between the amount of indebtedness involved and the actual value of the property, and as here, where the actual value of the property clearly exceeded the amount of the indebtedness or loan, it may readily be conceded that this tends to establish the transacion as a mortgage and not a sale.

Aside from the court's consideration of all circumstances involved, plaintiff's testimony to the effect that the deed was a mortgage is corroborated by three witnesses who testified concerning conversations with defendant. It is our belief that plaintiff by the extrinsic facts and circumstances maintained the burden of proof by convincing evidence that the deed was in fact a mortgage and such a conclusion, also reached by the trial court, will not be disturbed and the judgment is therefore affirmed.